**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED SUPPLY COMPANY, DIVISION OF USCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPTIMUM AIR SOLUTION INC. *et al.*, <br><br> Defendants. | Civil Action No. 21-14408 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on Optimum Air Solution, Inc. ("Optimum Air"), Hersh Fried ("Hersh"), and Fraidel Fried's ("Fraidel," together with Hersh, the "Frieds", and with Optimum Air and Hersh, collectively, "Defendants") Motion to Dismiss. (ECF No. 7.) United Supply Company, Division of USCO, Inc. ("USCO") opposed (ECF No. 12), and Defendants replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants-in-part and denies-in-part Defendants' Motion.

## I.    BACKGROUND

    This matter arises out of a contract dispute between USCO and Optimum Air. (*See generally* Notice of Removal, Compl., Ex. A, ECF No. 1-1.) The Frieds own and operate Optimum Air. (Compl. ¶ 6.) Starting in 2004, USCO extended a line of credit to Optimum Air, guaranteed by Hersh, as a principal, and Fraidel, as "Principal's Spouse." (*Id.* at 12.) USCO alleges that "Optimum [Air] executed and delivered a credit application to [USCO]." (*Id.* ¶ 8.) The Complaint

does not allege that the Frieds signed the contract in New Jersey or that they ever entered New Jersey between 2004 and 2021.

USCO alleges that under that agreement, it delivered merchandise to Optimum Air that Defendants failed to pay for. From May 30, 2019 to March 1, 2021, Optimum Air incurred 92 charges for "merchandise sold and delivered, and/or services rendered," totaling $240,991.78, but only made three payments to USCO, eventually putting the account into default.[1] (*Id.* ¶¶ 12, 14; Ex. B 10-14.) The account was then sent to collections. (*Id.* ¶ 15.) Thereafter, Optimum made a one time payment of $5,000 on its account, leaving a remaining balance of $235,991.78. (*Id.* ¶ 16.) After further demands for payment were ignored, USCO promptly filed the present action in the Superior Court of New Jersey. (*Id.* ¶17.)

Then came USCO's journey to serve Defendants. Starting in June 2021, USCO made three separate attempts to serve the Complaint on Defendants at their New York address. (*See* Aff. of Service, ECF No. 3.) Twice the process server received no answer at the residence but, on the third attempt, a young woman answered the door but did not confirm the Frieds lived there. (*Id.*) The process server then spoke with a postal worker who delivered mail to the apartment, who confirmed that the Frieds lived there. (*Id.*) Armed with this information, on July 1, the process server posted the summons and complaint, certification, track assignment notice, and exhibits on the apartment door. (*Id.*) The next day, he mailed a copy of the documents to that same address. (*Id.*) Later that month, Defendants removed under 28 U.S.C. § 1446. (*See generally* ECF No. 1-3.) Defendants then filed the present Motion.

---

[1] Though USCO asserts that Exhibit B to its complaint lists 93 transactions, the Court only counts 92 excluding payments and service charges. (*Compare* Pl. Opp'n Br. 3, ECF No. 12 *with* Compl. Ex. B 10-14.)

## II.   **LEGAL STANDARD**

Defendants moved to dismiss for lack of personal jurisdiction and improper service under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).[2] (*See generally* Defs.' Moving Br., ECF No. 7-1.) Defendants also complain that the second count for attorney's fees is improper as a separate cause of action. (*Id.* at 5.) The Court thus starts its analysis with the appropriate framework to assess whether it has jurisdiction over this dispute.

### A.   **Personal Jurisdiction Standard**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (second alteration in original) (internal quotation marks and citations omitted). In a diversity action, a New Jersey federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citation omitted). New Jersey's long-arm statute "provides for jurisdiction up to the limits of the protection afforded to nonresidents by the Due Process Clause of the Fourteenth Amendment." *Telcordia Tech, Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992). A court has jurisdiction, therefore, if it is determined that the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted). The burden of presenting

---

[2] References to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

evidence establishing a prima facie case of personal jurisdiction over each defendant falls on the plaintiff. *Metcalfe*, 566 F.3d at 330.

Courts are authorized to exercise two types of personal jurisdiction: general or specific. *See Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction applies when an individual is domiciled in the forum state. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("[A]n individual's domicile, or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.'") (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Specific jurisdiction allows a Court to exercise jurisdiction over a non-resident defendant when: (1) the defendant purposefully avails itself of the privilege of conducting its activities within the forum; (2) the litigation arises out of or relates to at least one of those activities; and if the prior two requirements are met, a court may consider whether (3) the exercise of jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Defendants need not be physically located in the forum state while committing the alleged acts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 780 (1984). A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n.18.

**B.**     **Improper Service**

Under Rule 12(b)(5), a party may move to dismiss for insufficient service of process. The burden is on the party serving process to show that service was valid. *Grand Ent. Grp. Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Service of process is governed by Rule 4. An

individual effects proper service by: (1) following state law for serving a summons in the state where the district court is located or where service is made; (2) personal service; (3) leaving the summons and the complaint at the individual's "usual place of abode with someone of suitable age and discretion who resides there"; or (4) serving process upon an agent "authorized by appointment or by law" to receive service. Fed. R. Civ. P. 4(e). A corporation, partnership, or association can be served by: (1) following state law, as discussed above; or (2) by delivering the summons and the complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law." Fed. R. Civ. P. 4(h).

## III.   DISCUSSION

Defendants argue that (1) this Court does not have personal jurisdiction over them because they lack sufficient minimum contacts with New Jersey, (2) the affidavit of service is "facially invalid," and, (3) the second count of the Complaint is improper as a separate cause of action. (Defs.' Moving Br. 1, ECF No. 7-1.) The Court addresses each argument in turn.

### A.   Personal Jurisdiction Over Defendants

To begin, Defendants argue that this Court lacks personal jurisdiction over them because they do not have minimal contacts with New Jersey. USCO counters that Defendants' execution of the contract with USCO, a New Jersey resident, combined with their "nearly 100 points of contact" justify exercising personal jurisdiction in this instance. (Pl.'s Opp'n Br. 5.)

To assert specific personal jurisdiction, USCO must allege "claim-specific jurisdiction over Defendants," meaning "an affiliatio[n] between the forum and the underlying controversy." *Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 499 (D.N.J. 2017) (alteration in original) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014)). USCO alleges claims for breach of contract and unjust enrichment. For these claims, courts employ the familiar three-part test for specific jurisdiction—whether defendant purposefully availed itself of the privilege of conducting

5

activities in the forum state, the claims arise out of or relate to some of the contact with the forum, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Efofex, Inc. v. Realhub Inc.*, No. 21-8454, 2021 WL 5449533, at *3-4 (D.N.J. Nov. 22, 2021). Notably "[a] contract alone between a resident and a non-resident, does not automatically establish sufficient minimum contacts to exercise jurisdiction over the non-resident." *Days Inn Worldwide v. Miller*, No. 13-03276, 2014 WL 6485923, at *2 (D.N.J. Nov. 19, 2014). Because personal jurisdiction is specific to each party, the Court must apply these factors individually to Optimum Air and the Frieds.

### 1.     Optimum Air

The Court finds that USCO has set forth sufficient facts to support the exercise of personal jurisdiction over Optimum Air. First, USCO alleges that Optimum Air contracted with USCO to create a continuous relationship. While signing a contract with a New Jersey resident may not be enough for this Court to exercise personal jurisdiction, "[p]arties who 'reach out beyond [their] state and create continuing relationships and obligations with citizens of another state' are subject to the regulations of their activity in that undertaking.'" *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (second alteration in original) (quoting *Burger King*, 471 U.S. at 473). Here, Optimum Air maintained a continuous relationship with USCO since the parties signed the contract evidenced by Optimum Air's  ninety-plus purchases from the New Jersey-based USCO over the course of three years. (Compl. Ex. A.) The litigation at issue here arises out of the unpaid debts incurred from those transactions. The Court finds personal jurisdiction over Optimum Air.

### 2.     The Frieds

On the other hand, USCO has not met its burden to show personal jurisdiction over the Frieds. "[A]n individual whose contacts with the forum state are in his corporate capacity does not thereby become subject to jurisdiction in his individual capacity." *Ragner Tech. Corp. v. Berardi*,

287 F. Supp. 3d 541, 552 (D.N.J. 2018) (internal quotation omitted). "[A]ctions taken in the forum by the corporate entity should not be imputed to an individual defendant for purposes of personal jurisdiction unless the plaintiff establishes that the individual defendant himself took the specific action." *Id.* at 553 (alteration in original) (internal quotation and citation omitted). But a court may consider actions taken by a defendant in the corporate capacity where those actions tend to establish individual liability. *Id.*

Here, the only alleged contact that the Frieds had with New Jersey is the contract between USCO and Optimum Air that was signed in 2004. (*See generally* Compl. Ex. A.) While the contract contemplated a continuing relationship between Optimum Air and USCO, there is no evidence that the Frieds had any contact with New Jersey as individuals. *See Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001). Nor is there any plausible facts alleged that piercing the corporate veil to exercise personal jurisdiction over the Frieds as officers of the corporation is appropriate here. *Ragner Tech. Corp.*, 287 F. Supp. 3d at 553. USCO does not allege any facts about where the contract was negotiated, signed, or any other course of dealings between the individual defendants and USCO. Nor is simply guaranteeing the contract enough to exercise personal jurisdiction over the Frieds. *See Bit Holdings Fifty-One, Inc. v. Ultimate Franchises, Inc.*, No. 18-11010, 2019 WL 2296052, at *6-7 (D.N.J. May 30, 2019) (declining to exercise personal jurisdiction where plaintiff did not allege guarantor "purposefully directed its activities at the forum."); *see also Reverse Vending Assocs. v. Tomra Sys., US, Inc.,* 655 F. Supp. 1122, 1127 (E.D. Pa. 1987).

To be sure, even if the 92 transactions at issue here were under the direction of the Frieds, the Third Circuit counsels that plaintiffs may not "ensnare [individual defendants] in a jurisdictional web by reciting [the corporation's] contacts with New Jersey," because to do so would both "ignore[] and obfuscate[] [the corporation's] separate legal identity." *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 850 (3d Cir. 2003). Though

USCO would have the Court treat the actions of Optimum Air and the Frieds as one, "'jurisdiction over. . . [individual] defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction in' a particular forum." *MoneyGram Payment Sys., Inc.*, 65 F. App'x at 850 (alteration in original) (quoting *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir.2000)). Because USCO fails to provide affidavits or other competent evidence showing that this Court may exercise personal jurisdiction over the Frieds, individually, the Court dismisses the Complaint against them.

### B.      Service on Defendants

Defendants next argue that they all have not been properly served in this action because USCO's attempt to effectuate service by posting the summons and Complaint to their door, and mailing copies to their purported address, did not comply with the federal rules. (Def.'s Moving Br. 3.) Additionally, Defendants argue that in any event, the affidavit contained inaccuracies. (*Id.*) USCO rebuts, stating that service was properly effected on Defendants despite their attempt to purposefully avoid the process server. (Pl.'s Opp'n Br. 7.)

Under the federal rules, service may be made in several fashions, including by following the law of the state where service in made. Fed. R. Civ. P. 4(e). Here, service was made in New York. (*See* Aff. of Service.) Under New York law, "service may be made by affixing the summons to the door of either the actual place of business . . . within the state of the person to be served and by either mailing the summons to such person at his or her last known residence" where service compliant with the other rules cannot be made "with due diligence." N.Y. C.P.L.R. 308 (2022). "A process server's affidavit of service constitutes prima facie evidence of proper service." *Nationstar Mortg., LLC v. Kamil*, 64 N.Y.S.3d 116, 117 (N.Y. App. Div. 2017). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is

required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *TBF Fin., LLC v. Eagle Tours, LLC*, 101 N.Y.S.3d 365, 367 (N.Y. App. Div. 2019) (citing *Nationstar Mortg., LLC*, 78 N.Y.S.3d at 148).

Having reviewed the process server's affidavit, the Court is satisfied that USCO exercised due diligence to properly serve Optimum Air by other means and thus Defendants were properly served under N.Y. C.P.L.R. 308(4). The server attempted to personally deliver service on three separate occasions. (Aff. of Service.) After the third attempt, the service processer posted the papers on the door and sent Defendants the summons by ordinary mail to the address confirmed by the postal worker and posted to the same address. (*Id.*); *cf. Calle v. Johnny's Brick Oven Pizza LLC*, No. 18-331, 2021 WL 3856146, at *4 (D.N.J. Aug. 27, 2021) (finding that posting the summons to defendant's door and then mailing a copy to the same address was proper under N.Y. C.P.L.R. § 308(4) where process server attempted to serve defendant three times). Defendants argue that they were not served at this address, pointing out that there is a discrepancy in the address listed on the affidavit. The Court finds this argument unavailing. The Court finds it persuasive that a postal worker indicated Defendants lived in the apartment and the process server included in his affidavit that he previously served Optimum Air at that same apartment. (*See* Aff. of Service.) Consequently, the Court finds that Defendants fail to present specific facts to rebut the presumption of proper service. *See Nationstar Mortg., LLC*, 78 N.Y.S.3d at 148.

C.    **The Court Dismisses the Breach of Contract Claim but Grants USCO Leave to Amend**

Defendants argue that this Court should dismiss the Complaint's second claim because attorney's fees and costs are a remedy, not a separate cause of action. (Def.'s Moving Br. 5.) However, excluding the title of the count, the body of the count reads as a breach of contract claim. As "a court should freely grant leave to amend the complaint when justice so requires 'unless it would be inequitable or futile'" the Court grants USCO leave to amend. *Buoniconti v. City of*

*Philadelphia*, 148 F. Supp. 3d 425, 447 (E.D. Pa. 2015) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

IV.    **CONCLUSION**

For the foregoing reasons, the Court finds that personal jurisdiction is proper over Optimum Air but not the Frieds. The Court also finds that Defendants were properly served. Finally, the Court dismisses Count Two but grants Plaintiff leave to amend the claim. An Order consistent with this Memorandum Opinion will be entered.

_____

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED SUPPLY COMPANY, DIVISION
OF USCO, INC.,

              Plaintiff,

              v.

OPTIMUM AIR SOLUTION INC. *et al.*,

              Defendants.

Civil Action No. 21-14408 (MAS) (LHG)

**ORDER**

This matter comes before the Court on Optimum Air Solution Inc. ("Optimum Air"), Hersh Fried ("Hersh"), and Fraidel Fried's ("Fraidel" and with Optimum Air and Hersh, collectively, "Defendants") Motion to Dismiss. (ECF No. 7.) United Supply Company, division of USCO, Inc. ("USCO") opposed (ECF No. 12), and Defendants replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth in the accompanying Memorandum Opinion, and other good cause shown,

      **IT IS** on this ___ day of March, 2022 **ORDERED** that:

1. USCO's Motion to Dismiss (ECF No. 7) is **GRANTED** in part and **DENIED** in part.

2. USCO's Complaint is **DISMISSED** without prejudice as to the Frieds for lack of personal jurisdiction.

3. Count Two is **DISMISSED** without prejudice.

4. USCO may refile the Complaint by April 15, 2022.

 

                                         _____
                                         MICHAEL A. SHIPP
                                         UNITED STATES DISTRICT JUDGE

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED SUPPLY COMPANY, DIVISION OF USCO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OPTIMUM AIR SOLUTION INC. *et al.*,<br><br>Defendants. | Civil Action No. 21-14408 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Optimum Air Solution, Inc. ("Optimum Air"), Hersh Fried ("Hersh"), and Fraidel Fried's ("Fraidel," together with Hersh, the "Frieds", and with Optimum Air and Hersh, collectively, "Defendants") Motion to Dismiss. (ECF No. 7.) United Supply Company, Division of USCO, Inc. ("USCO") opposed (ECF No. 12), and Defendants replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants-in-part and denies-in-part Defendants' Motion.

## I.  BACKGROUND

  This matter arises out of a contract dispute between USCO and Optimum Air. (*See generally* Notice of Removal, Compl., Ex. A, ECF No. 1-1.) The Frieds own and operate Optimum Air. (Compl. ¶ 6.) Starting in 2004, USCO extended a line of credit to Optimum Air, guaranteed by Hersh, as a principal, and Fraidel, as "Principal's Spouse." (*Id.* at 12.) USCO alleges that "Optimum [Air] executed and delivered a credit application to [USCO]." (*Id.* ¶ 8.) The Complaint

does not allege that the Frieds signed the contract in New Jersey or that they ever entered New Jersey between 2004 and 2021.

USCO alleges that under that agreement, it delivered merchandise to Optimum Air that Defendants failed to pay for. From May 30, 2019 to March 1, 2021, Optimum Air incurred 92 charges for "merchandise sold and delivered, and/or services rendered," totaling $240,991.78, but only made three payments to USCO, eventually putting the account into default.[1] (*Id.* ¶¶ 12, 14; Ex. B 10-14.) The account was then sent to collections. (*Id.* ¶ 15.) Thereafter, Optimum made a one time payment of $5,000 on its account, leaving a remaining balance of $235,991.78. (*Id.* ¶ 16.) After further demands for payment were ignored, USCO promptly filed the present action in the Superior Court of New Jersey. (*Id.* ¶17.)

Then came USCO's journey to serve Defendants. Starting in June 2021, USCO made three separate attempts to serve the Complaint on Defendants at their New York address. (*See* Aff. of Service, ECF No. 3.) Twice the process server received no answer at the residence but, on the third attempt, a young woman answered the door but did not confirm the Frieds lived there. (*Id.*) The process server then spoke with a postal worker who delivered mail to the apartment, who confirmed that the Frieds lived there. (*Id.*) Armed with this information, on July 1, the process server posted the summons and complaint, certification, track assignment notice, and exhibits on the apartment door. (*Id.*) The next day, he mailed a copy of the documents to that same address. (*Id.*) Later that month, Defendants removed under 28 U.S.C. § 1446. (*See generally* ECF No. 1-3.) Defendants then filed the present Motion.

---

[1] Though USCO asserts that Exhibit B to its complaint lists 93 transactions, the Court only counts 92 excluding payments and service charges. (*Compare* Pl. Opp'n Br. 3, ECF No. 12 *with* Compl. Ex. B 10-14.)

## II.   LEGAL STANDARD

Defendants moved to dismiss for lack of personal jurisdiction and improper service under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).[2] (*See generally* Defs.' Moving Br., ECF No. 7-1.) Defendants also complain that the second count for attorney's fees is improper as a separate cause of action. (*Id.* at 5.) The Court thus starts its analysis with the appropriate framework to assess whether it has jurisdiction over this dispute.

### A.   Personal Jurisdiction Standard

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (second alteration in original) (internal quotation marks and citations omitted). In a diversity action, a New Jersey federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citation omitted). New Jersey's long-arm statute "provides for jurisdiction up to the limits of the protection afforded to nonresidents by the Due Process Clause of the Fourteenth Amendment." *Telcordia Tech, Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992). A court has jurisdiction, therefore, if it is determined that the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted). The burden of presenting

---

[2] References to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

evidence establishing a prima facie case of personal jurisdiction over each defendant falls on the plaintiff. *Metcalfe*, 566 F.3d at 330.

Courts are authorized to exercise two types of personal jurisdiction: general or specific. *See Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction applies when an individual is domiciled in the forum state. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("[A]n individual's domicile, or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.'") (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Specific jurisdiction allows a Court to exercise jurisdiction over a non-resident defendant when: (1) the defendant purposefully avails itself of the privilege of conducting its activities within the forum; (2) the litigation arises out of or relates to at least one of those activities; and if the prior two requirements are met, a court may consider whether (3) the exercise of jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Defendants need not be physically located in the forum state while committing the alleged acts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 780 (1984). A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n.18.

## B.   Improper Service

Under Rule 12(b)(5), a party may move to dismiss for insufficient service of process. The burden is on the party serving process to show that service was valid. *Grand Ent. Grp. Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Service of process is governed by Rule 4. An

individual effects proper service by: (1) following state law for serving a summons in the state where the district court is located or where service is made; (2) personal service; (3) leaving the summons and the complaint at the individual's "usual place of abode with someone of suitable age and discretion who resides there"; or (4) serving process upon an agent "authorized by appointment or by law" to receive service. Fed. R. Civ. P. 4(e). A corporation, partnership, or association can be served by: (1) following state law, as discussed above; or (2) by delivering the summons and the complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law." Fed. R. Civ. P. 4(h).

## III.   DISCUSSION

Defendants argue that (1) this Court does not have personal jurisdiction over them because they lack sufficient minimum contacts with New Jersey, (2) the affidavit of service is "facially invalid," and, (3) the second count of the Complaint is improper as a separate cause of action. (Defs.' Moving Br. 1, ECF No. 7-1.) The Court addresses each argument in turn.

### A.    Personal Jurisdiction Over Defendants

To begin, Defendants argue that this Court lacks personal jurisdiction over them because they do not have minimal contacts with New Jersey. USCO counters that Defendants' execution of the contract with USCO, a New Jersey resident, combined with their "nearly 100 points of contact" justify exercising personal jurisdiction in this instance. (Pl.'s Opp'n Br. 5.)

To assert specific personal jurisdiction, USCO must allege "claim-specific jurisdiction over Defendants," meaning "an affiliatio[n] between the forum and the underlying controversy." *Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 499 (D.N.J. 2017) (alteration in original) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014)). USCO alleges claims for breach of contract and unjust enrichment. For these claims, courts employ the familiar three-part test for specific jurisdiction—whether defendant purposefully availed itself of the privilege of conducting

5

activities in the forum state, the claims arise out of or relate to some of the contact with the forum, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Efofex, Inc. v. Realhub Inc.*, No. 21-8454, 2021 WL 5449533, at *3-4 (D.N.J. Nov. 22, 2021). Notably "[a] contract alone between a resident and a non-resident, does not automatically establish sufficient minimum contacts to exercise jurisdiction over the non-resident." *Days Inn Worldwide v. Miller*, No. 13-03276, 2014 WL 6485923, at *2 (D.N.J. Nov. 19, 2014). Because personal jurisdiction is specific to each party, the Court must apply these factors individually to Optimum Air and the Frieds.

### 1.    Optimum Air

The Court finds that USCO has set forth sufficient facts to support the exercise of personal jurisdiction over Optimum Air. First, USCO alleges that Optimum Air contracted with USCO to create a continuous relationship. While signing a contract with a New Jersey resident may not be enough for this Court to exercise personal jurisdiction, "[p]arties who 'reach out beyond [their] state and create continuing relationships and obligations with citizens of another state' are subject to the regulations of their activity in that undertaking.'" *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (second alteration in original) (quoting *Burger King*, 471 U.S. at 473). Here, Optimum Air maintained a continuous relationship with USCO since the parties signed the contract evidenced by Optimum Air's ninety-plus purchases from the New Jersey-based USCO over the course of three years. (Compl. Ex. A.) The litigation at issue here arises out of the unpaid debts incurred from those transactions. The Court finds personal jurisdiction over Optimum Air.

### 2.    The Frieds

On the other hand, USCO has not met its burden to show personal jurisdiction over the Frieds. "[A]n individual whose contacts with the forum state are in his corporate capacity does not thereby become subject to jurisdiction in his individual capacity." *Ragner Tech. Corp. v. Berardi*,

287 F. Supp. 3d 541, 552 (D.N.J. 2018) (internal quotation omitted). "[A]ctions taken in the forum by the corporate entity should not be imputed to an individual defendant for purposes of personal jurisdiction unless the plaintiff establishes that the individual defendant himself took the specific action." *Id.* at 553 (alteration in original) (internal quotation and citation omitted). But a court may consider actions taken by a defendant in the corporate capacity where those actions tend to establish individual liability. *Id.*

Here, the only alleged contact that the Frieds had with New Jersey is the contract between USCO and Optimum Air that was signed in 2004. (*See generally* Compl. Ex. A.) While the contract contemplated a continuing relationship between Optimum Air and USCO, there is no evidence that the Frieds had any contact with New Jersey as individuals. *See Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001). Nor is there any plausible facts alleged that piercing the corporate veil to exercise personal jurisdiction over the Frieds as officers of the corporation is appropriate here. *Ragner Tech. Corp.*, 287 F. Supp. 3d at 553. USCO does not allege any facts about where the contract was negotiated, signed, or any other course of dealings between the individual defendants and USCO. Nor is simply guaranteeing the contract enough to exercise personal jurisdiction over the Frieds. *See Bit Holdings Fifty-One, Inc. v. Ultimate Franchises, Inc.*, No. 18-11010, 2019 WL 2296052, at *6-7 (D.N.J. May 30, 2019) (declining to exercise personal jurisdiction where plaintiff did not allege guarantor "purposefully directed its activities at the forum."); *see also Reverse Vending Assocs. v. Tomra Sys., US, Inc.,* 655 F. Supp. 1122, 1127 (E.D. Pa. 1987).

To be sure, even if the 92 transactions at issue here were under the direction of the Frieds, the Third Circuit counsels that plaintiffs may not "ensnare [individual defendants] in a jurisdictional web by reciting [the corporation's] contacts with New Jersey," because to do so would both "ignore[] and obfuscate[] [the corporation's] separate legal identity." *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 850 (3d Cir. 2003). Though

USCO would have the Court treat the actions of Optimum Air and the Frieds as one, "'jurisdiction over. . . [individual] defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction in' a particular forum." *MoneyGram Payment Sys., Inc.*, 65 F. App'x at 850 (alteration in original) (quoting *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir.2000)). Because USCO fails to provide affidavits or other competent evidence showing that this Court may exercise personal jurisdiction over the Frieds, individually, the Court dismisses the Complaint against them.

**B.      Service on Defendants**

Defendants next argue that they all have not been properly served in this action because USCO's attempt to effectuate service by posting the summons and Complaint to their door, and mailing copies to their purported address, did not comply with the federal rules. (Def.'s Moving Br. 3.) Additionally, Defendants argue that in any event, the affidavit contained inaccuracies. (*Id.*) USCO rebuts, stating that service was properly effected on Defendants despite their attempt to purposefully avoid the process server. (Pl.'s Opp'n Br. 7.)

Under the federal rules, service may be made in several fashions, including by following the law of the state where service in made. Fed. R. Civ. P. 4(e). Here, service was made in New York. (*See* Aff. of Service.) Under New York law, "service may be made by affixing the summons to the door of either the actual place of business . . . within the state of the person to be served and by either mailing the summons to such person at his or her last known residence" where service compliant with the other rules cannot be made "with due diligence." N.Y. C.P.L.R. 308 (2022). "A process server's affidavit of service constitutes prima facie evidence of proper service." *Nationstar Mortg., LLC v. Kamil*, 64 N.Y.S.3d 116, 117 (N.Y. App. Div. 2017). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is

required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *TBF Fin., LLC v. Eagle Tours, LLC*, 101 N.Y.S.3d 365, 367 (N.Y. App. Div. 2019) (citing *Nationstar Mortg., LLC*, 78 N.Y.S.3d at 148).

Having reviewed the process server's affidavit, the Court is satisfied that USCO exercised due diligence to properly serve Optimum Air by other means and thus Defendants were properly served under N.Y. C.P.L.R. 308(4). The server attempted to personally deliver service on three separate occasions. (Aff. of Service.) After the third attempt, the service processer posted the papers on the door and sent Defendants the summons by ordinary mail to the address confirmed by the postal worker and posted to the same address. (*Id.*); *cf. Calle v. Johnny's Brick Oven Pizza LLC*, No. 18-331, 2021 WL 3856146, at *4 (D.N.J. Aug. 27, 2021) (finding that posting the summons to defendant's door and then mailing a copy to the same address was proper under N.Y. C.P.L.R. § 308(4) where process server attempted to serve defendant three times). Defendants argue that they were not served at this address, pointing out that there is a discrepancy in the address listed on the affidavit. The Court finds this argument unavailing. The Court finds it persuasive that a postal worker indicated Defendants lived in the apartment and the process server included in his affidavit that he previously served Optimum Air at that same apartment. (*See* Aff. of Service.) Consequently, the Court finds that Defendants fail to present specific facts to rebut the presumption of proper service. *See Nationstar Mortg., LLC*, 78 N.Y.S.3d at 148.

### C.     The Court Dismisses the Breach of Contract Claim but Grants USCO Leave to Amend

Defendants argue that this Court should dismiss the Complaint's second claim because attorney's fees and costs are a remedy, not a separate cause of action. (Def.'s Moving Br. 5.) However, excluding the title of the count, the body of the count reads as a breach of contract claim. As "a court should freely grant leave to amend the complaint when justice so requires 'unless it would be inequitable or futile'" the Court grants USCO leave to amend. *Buoniconti v. City of*

*Philadelphia*, 148 F. Supp. 3d 425, 447 (E.D. Pa. 2015) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

## IV.    **CONCLUSION**

For the foregoing reasons, the Court finds that personal jurisdiction is proper over Optimum Air but not the Frieds. The Court also finds that Defendants were properly served. Finally, the Court dismisses Count Two but grants Plaintiff leave to amend the claim. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE