Scott Levenson, Esq.
*Attorney #:*
LEVENSON LAW GROUP
625 W 51 Street
New York, NY 10019
(347) 352-2470
Levensonlawgroup@gmail.com
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

x

UNITED SUPPLY COMPANY, Division of
USCO, INC.

Civil Action No. 3:21-cv-14408-MAS-RLS

Plaintiff,

**VERIFIED ANSWER**

-against-

OPTIMUM AIR SOLUTIONS, INC.,

Defendant.

**COMES NOW** Defendant, OPTIMUM AIR SOLUTIONS, INC. ("Defendant" or "Optimum"), by way of his attorney, Scott C. Levenson, Esq., of Levenson Law Group, as and for its Verified Answer to Plaintiff, UNITED SUPPLY COMPANY, Division of USCO, INC., herein allege as follows:

1.  Defendant admits the truth of the allegations contained in Paragraphs 1-4, 6-13, 15-17, and 22 of Plaintiff's Complaint.

2.  Defendant admits the truth of the allegation that Hersh Fried and Fraidel Fried ("The Frieds") are owners/officer of Optimum contained in Paragraph 5 of Plaintiff's Complaint but denies the truth of the allegation that The Frieds are indebted to Plaintiff.

1

3. Defendant admits the truth of the allegation that Defendant conducted business in accordance with the contractual terms of credit contained in Paragraph 18 of Plaintiff's Complaint but denies the truth of the allegation that Plaintiff conducted business in accordance with the contractual terms of credit.

4. Plaintiff failed to deliver products on time.

5. Plaintiff delivered defective products.

6. Plaintiff delivered the wrong products.

7. Defendant admits the truth of the allegation that Defendant made one payment of $5,000 contained in Paragraph 18 of Plaintiff's Complaint but denies the truth of the allegation that there was a balance due of $235,991.78.

8. Defendant admits the truth of the allegation that Defendant did not make any further payments contained in Paragraph 18 of Plaintiff's Complaint but denies the truth of the allegation that payment was due on the open balance.

9. Defendant denies the truth of the allegations contained in Paragraphs 19-21, 25-26, 29, 32, and 35-36 of Plaintiff's Complaint.

10. Finance charges could not accrue as there was no balance due to Plaintiff since Plaintiff failed to deliver products on time, delivered defective products, and delivered the wrong products.

11. Defendant asserts that Paragraphs 14, 27, and 33 of Plaintiff's Complaint are legal jargon and conclusions that do not warrant an admission or denial of truth.

12. Defendant asserts that the document referenced in Paragraphs 28, 30-31, and 34 speak for itself, and respectfully refers the Court to any documents referenced in Paragraphs 28,

30-31, and 34 of Plaintiff's Complaint for a full and complete statement of their terms and conditions.

## AFFIRMATIVE DEFENSES

13. Plaintiff failed to deliver products on time.

14. Plaintiff delivered defective products.

15. Plaintiff delivered the wrong products.

16. Because Plaintiff failed to perform in accordance with the agreement, Defendant does not owe Plaintiff the alleged sums.

17. Defendant fulfilled all its respective duties and obligations, if any, to Plaintiff.

18. Defendant's conduct is justified due to Plaintiff's default.

19. All actions taken by Defendant were reasonable and justified under the then existing circumstances.

20. Defendant was excused from performing the terms of the contract due to Plaintiff's failure to perform.

21. Defendant was ready, willing, and able to perform the contract, but Plaintiff prevented and frustrated such performance.

22. Whatever damages Plaintiff may have sustained, all of which is expressly denied by the answering Defendant, are the result of its own breach of fiduciary duty, breach of certain agreements, and failure to complete the performance that was required for Defendant to perform. Defendant would have performed its obligations under the contract but for Plaintiff's interference with Defendant's ability to perform.

23. Whatever damages Plaintiff may have sustained, all of which is expressly denied by the answering Defendant, were the result of the breach of the covenant of good faith and fair

dealing committed on the part of Plaintiff, which breach exceeds any alleged wrongdoing of answering Defendant.

24. Whatever damages Plaintiff may have sustained, all of which is expressly denied by the answering Defendant, were the result of Plaintiff's failure to act in a commercially reasonable manner.

25. Plaintiff is not entitled to remedy due to the unclean hands doctrine.

26. Defendant reserves the right to amend this Verified Answer to assert additional claims upon the completion of an investigation now being conducted and upon the completion of discovery.

## I. PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that this honorable Court issue an Order:

a) Dismissal of the Complaint with prejudice and with costs;

b) Reasonable attorney's fees and costs of this action; and

c) Such other relief as the Court deems just and proper.

Dated:   New York, New York
         May 6, 2022

 

Yours, etc.
LEVENSON LAW GROUP

*Scott C. Levenson*
By: Scott Levenson, Esq.
*Attorneys for Defendant*
625 W 51 Street
New York, NY 10019
(347) 352-2470
Levensonlawgroup@gmail.com

4

## RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: New York, New York
May 6, 2022

LEVENSON LAW GROUP

*Scott C. Levenson*
By: Scott Levenson, Esq.

## RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiff seeks, inter alia, damages in excess of $150,000, exclusive of interest and costs and any claim for punitive damages, and injunctive relief.

Dated: New York, New York
May 6, 2022

LEVENSON LAW GROUP

*Scott C. Levenson*
By: Scott Levenson, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

UNITED SUPPLY COMPANY, Division of
USCO, INC.

                    Plaintiff,

-against-

OPTIMUM AIR SOLUTIONS, INC.,

                    Defendant.

Civil Action No. 3:21-cv-14408-MAS-RLS

**VERIFICATION**

I, HERSH FRIED, being duly sworn, deposes and says, under the penalties of perjury, as follows:

That I am the President of the named Defendant in the within action and a natural person maintaining a place of residence at in Rockland County, New York.

That I have read the corresponding Verified Answer and supporting papers on this matter, and all pleadings, exhibits, and attachments heretofore, and know the contents thereof, and verify that the Verified Answer is true to my own personal knowledge, except as to matters stated to be alleged upon information and belief, and as to those matters I believe to be true.

                                                                  _____
                                                                             HERSH FRIED

Sworn to before me
this 9th day of May 2022

_____
Notary Public

DEBORAH MENDLOVITS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ME6364492
Qualified in Rockland County
Commission Expires September 18, 2025

6